CAMPEAU GOODSELL SMITH, L.C.
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR
The Saunders Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>LOUIS CHARLES ROCHA,<br><br>      Debtors. | Case No.: 12-55134<br><br>CHAPTER 13<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY NUNC PRO TUNC; ANNULLING THE STAY NUNC PRO TUNC; AND CONFIRMING NO STAY**<br><br>Date: September 12, 2012<br>Location: 3:00 p.m.<br> United States Bankruptcy Court, Rm. 3070<br> 280 South 1st St.<br> San Jose, CA 95113<br>Judge: Honorable Charles Novack |

  The Saunders Company, secured creditor, moves this court for relief from stay nunc pro tunc to the petition date pursuant to 11 U.S.C. 105, 362 (d)(1), (2)(A) and (B), 362 (d)(4)(B), and 362 (f) of the United States Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-1 of the United States Bankruptcy Court for the Northern District of California; for an order to annul the stay nun pro tunc to the petition date; to confirm that no stay is in effect pursuant to 11 U.S.C. 105 and 362 (c)(3)(A) of the United States Bankruptcy Code all with respect to the Debtor, related property of the estate, and real properties commonly known as: 109 Pearl Street, King City, CA (A.P.N. 026-241-002), 304 & 306 S. First Street, King City, CA (A.P.N. 026-241-008), 107 Pearl Street, King City, CA (A.P.N. 026-241-009), and 324 S. First Street, King

City, CA (A.P.N. 026-242-001) (jointly "Real Property") and a related Deed of Trust recorded on November 29, 2007 (Document# 2007089381) ("Deed of Trust"), a Notice of Trustee Sale recorded on June 18, 2012 (Document# 2012035299), and three Trustee's Deeds recorded on July 11, 2012 (Document#2012040201 for 324 S. First Street, King City, CA (A.P.N. 026-242-001), Document#2012040202 for 109 Pearl Street, King City, CA (A.P.N. 026-241-002), and Document#2012040203 for 107 Pearl Street, King City, CA (A.P.N. 026-241-009)) and pending Unlawful Detainer actions against the Debtor relative to personal property abandoned at (two parcels of) the Real Property; and for a waiver of the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001 (a)(3)[1] as follows:

## I. Introduction.

### A. Debtor's Relationship To The Saunders Company.

On November 20, 2007 The Saunders Company, as lender, and Debtor Louisa C. Rocha[2] (Debtor) and Gwen S. Rocha, husband and wife as joint tenants, as borrowers, entered into a Note Secured By Deed of Trust Straight Note whereby The Saunders Company loaned the borrowers $525,000 at 10.5 percent interest with payments of $4,593.75 due on the 1st of the month beginning on January 1, 2008 and continuing through December 1, 2010[3] at which time the unpaid balance, including principal and interest, become due and payable ("Promissory Note").

The Promissory Note was secured by a Deed of Trust And Assignment of Rents recorded with the Monterey County Recorder on November 29, 2007 (Document#2007089381)("Deed of Trust") relative to 109 Pearl Street, King City, CA (A.P.N. 026-241-002), 304 & 306 S. First Street, King City, CA (A.P.N. 026-241-008), 107 Pearl Street, King City, CA (A.P.N. 026-241-009), and 324 S. First Street, King City, CA (A.P.N. 026-242-001) (jointly "Real Property"). The Deed of Trust required, among other things, for the borrowers to maintain the property(ies), maintain insurance, and

---

[1] All references to recorded documents were recorded with the Monterey County Recorder's Office.

[2] A.k.a. Louis C. Rocha.

[3] On December 1, 2009 and on December 1, 2010, Modification of Note Agreements were entered into whereby, among other things, the interest rate was reduced to 7.0 percent and the maturity date was extended to December 1, 2012.

pay property taxes.

Debtor did not and does not reside at any of the properties that make up the Real Property.

### B. Debtor's First Bankruptcy[4].

On September 23, 2011, Debtor's first Chapter 13 Bankruptcy, In re Louis Rocha, U.S.B.C (ND CA) #11-58862, was filed ("First Bankruptcy"). The First Bankruptcy did not include any reference to The Saunders Company, including on the Creditor Matrix. The First Bankruptcy was dismissed on October 19, 2011 for Debtor's failure to file schedules and failure to comply with the court's order to file schedules.

The Saunders Company was not aware of the First Bankruptcy until after the belated notice of the Second Bankruptcy (defined below).

### C. Foreclosure on The Real Property and Deed of Trust and Recording of Trustee's Deeds.

Subsequent to Debtor's First Bankruptcy and prior to his Second Bankruptcy Debtor did not pay property taxes, required insurance, and the mortgage debt owed to The Saunders Company and failed to maintain the Real Property, while collecting and not turning over rents from the tenants of the Real Property.

On March 8, 2012, a Notice of Default was recorded (Document#2012014323).

On June 18, 2012 a Notice of Trustee Sale was recorded (Document# 2012035299) calling for a balance owed, as of June 18, 2012, of $550,678.17.

On July 11, 2012, The Saunders Company foreclosed on three of the four properties and three Trustee's Deeds recorded on July 11, 2012 (Document#2012040201 for 324 S. First Street, King City, CA (A.P.N. 026-242-001), Document# 2012040202 for 109 Pearl Street, King City, CA (A.P.N. 026-241-002), and 2012040203 for 107 Pearl Street, King City, CA (A.P.N. 026-241-009)). The Saunders Company did not proceed to sale on 304 & 306 S. First Street, King City, CA (A.P.N.

---

[4]The court may take judicial notice of the Debtor's bankruptcy filings (Fed.Rule.Evid. 201).

**MOTION FOR RELIEF FROM AUTOMATIC STAY NUNC PRO TUNC; ANNULLING THE STAY NUNC PRO TUNC; AND CONFIRMING NO STAY**

3

Case: 12-55134    Doc# 25    Filed: 08/28/12    Entered: 08/28/12 16:20:00    Page 3 of 8

026-241-008). The balance owed on the Promissory Note and Deed of Trust, after deducting the credit bids by The Saunders Company, was, as of July 11, 2012, approximately $74,326.92 ($549,326.92 owed on July 11, 2012 less credit bids totaling $475,000). The Saunders Company submits that as of the date of the trustee sale and/or the petition date the real properties that made up the Real Property did not have a combined value equaling the balance owed and none of the properties had a value exceeding the respective credit bid.

The Saunders Company understands that at or about July 11, 2012, the outstanding real and personal property taxes on the Real Property was at least $7,888.38 ($3,724.49 on 109 Pearl Street, $1,225.42 on 304 & 306 S. First Street, $0.00 on 107 Pearl Street[5], and $2,938.47 on 324 S. First Street).

On and after July 11, 2012, The Saunders Company, with respect to some of the Real Property, collected rents, paid insurance, and incurred maintenance expenses. For example, The Saunders Company paid and continues to pay insurance ($1,268.31 through August 23, 2012) and repairs and maintenance ($2,5000 through August 23, 2012) and collected rent (or portions of rent) ($2,880.00 through August 27, 2012).

On July 17, 2012, The Saunders Company served tenants at the Real Property 90 day notices to vacate. On August 1, 2012, The Saunders Company entered into rental agreements with these tenants of the Real Property.

On August 13, 2012, The Saunders Company commenced Unlawful Detainer actions against the Debtor and Gwen S. Rocha with respect to two of the properties because Debtor and/or Gwen S. Rocha had abandoned personal property (not appearing in Debtor's schedules) on the properties (Monterey County Superior Court Case No.: M119251 relating to 107 Pearl Street, King City, Ca (A.P.N. 026-241-009) and Case No.: M119252 relating to 324 S. 1st Street, King City, CA (A.P.N. 026-242-001). On August 16, 2012, Debtor, and Gwen S. Rocha, was served with the Unlawful Detainer actions by sub-service. On or about August 20, 2012, Debtor, and Gwen S. Rocha, field

---

[5]The Saunders Company understands these property taxes were paid by a Chase.

answers to the two Unlawful Detainer actions admitting the alleged facts and asserting (jointly) a single affirmative defense "Filed Bankruptcy Chapter 13 before plaintiff began there claim." (sic)

### D. Second Bankruptcy-Belated Notice To The Saunders Company And Omissions From Schedules[6].

On July 10, 2012, Debtor commenced this second Chapter 13 bankruptcy ("Second Bankruptcy").

Debtor's Second Bankruptcy, like his First Bankruptcy, was filed in pro per, was filed without any schedules, was filed without any reference to The Saunders Company (or anything associated with The Saunders Company), and was filed without notice to The Saunders Company.

On August 6, 2012, Debtor filed an amendment to his Creditor Matrix adding The Saunders Company. On August 17, 2012, The Saunders Company received notice of Debtor's Chapter 13 Bankruptcy via certified mail.

On August 23, 2012, Debtor filed his schedules, Creditor Matrix, and Chapter 13 Plan none of which make any reference to The Saunders Company, the Promissory Note, the Deed of Trust, the Real Property, the Trustee's Deeds, and/or the Unlawful Detainer actions.

**E. The stay terminated on August 9, 2012.**

Pursuant to 11 U.S.C. 362 (c)(3)(A) the stay terminated on August 9, 2012.

### II. The Saunders Company Is Entitled To Relief From The Automatic Stay As To The Debtor, The Debtor's Estate, Or Debtor's Property And Annulling The Stay Nunc Pro Tunc To The Petition Date.

**A. The Saunders Company Is Entitled to Relief from the Automatic Stay.**

11 U.S.C. 362 (d) provides, in pertinent part, that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property

---

[6]The court may take judicial notice of the Debtor's bankruptcy filings (Fed.Rule.Evid. 201).

of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization"

In addition, 11 U.S.C. 362 (f) provides, in pertinent part, that:

"Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section."

The Saunders Company submits that it is entitled to relief from stay pursuant to Section 362 (d)(1), (2), and (4) and (f) on the grounds that there is a lack of adequate protection for The Saunders Company's interests, the Debtor does not have any equity in the Real Property, the Real Property is not necessary to an effective reorganization, and The Saunders Company will suffer irreparable damage to its interest in the Real Property if relief is not granted as requested herein. In this regard, The Saunders Company notes Debtor has not paid property taxes, has not maintained insurance, has collected rents but not turned them over to the lender, has not maintained the properties, and has filed two bankruptcies without any reference to The Saunders Company; The Saunders Company foreclosed on some of the real properties, recorded Trustee's Deeds, and proceeded as owner including commencement of Unlawful Detainer actions against Debtor to address abandoned personal property (not appearing on Debtor's schedules); and Debtor's Chapter 13 Plan, relatively consistent with its schedules, does not include any reference to The Saunders Company.

**B. The Saunders Company Is Entitled To An Annulment of The Stay And/Or A Finding of Nunc Pro Tunc As of The Petition Date.**

The entry of a nunc pro tunc order does not involve the equity jurisdiction of the court as the phrase is merely descriptive of the inherent power of the court to make the records speak the truth–to record that which was actually done, but omitted to be recorded. (W.F. Sebel Co. v. Hessee, 214 F.2d 459, 462 (10th Cir. 1954); See also, In re Kroeger Properties and Development, Inc., 57 B.R.

**MOTION FOR RELIEF FROM AUTOMATIC STAY NUNC PRO TUNC; ANNULLING THE STAY NUNC PRO TUNC; AND CONFIRMING NO STAY**

6

Case: 12-55134    Doc# 25    Filed: 08/28/12    Entered: 08/28/12 16:20:00    Page 6 of 8

821, 822 (9th Cir. BAP 1985), fn 1. In re Atkins, 69 F.3d 970, 975 (9th Cir. 1995)).

Similarly, the court has authority to retroactively annul the stay. (In re Cady, 266 B.R. 172 (9th Cir. B.A.P. 2001), aff'd, 315F.3d 1121 (9th Cir. 2003)). Some of the factors to be considered by the court include, how much notice the creditor had of filing, did debtor assert it as a defense, would the court have lifted stay anyway, and whether the creditor's conduct was egregiousness. (In re National Environmental Waste Corp., 129 F.3d 1052 (9th Cir. 1997), cert denied, 524 U.S. 952, 118 S.Ct. 2368, (1998)).

The Saunders Company submits that all facts and considerations discussed hereinabove and relating to The Saunders Company's post-petition actions warrant entry of an order nunc pro tunc or annulling the stay retroactively to the petition date.

**IV. The Saunders Company Is Entitled To An Order That There is No Stay In This Case Relative To The Debtor, The Debtor's Estate, Or The Debtor's Property.**

11 U.S.C. 362 (C)(3)(A) provides, in pertinent part, that:

> "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case".

As a matter of law, the stay has terminated. In In re Reswick (446 B.R. 362 (B.A.P. 9th Cir. 2011)), the bankruptcy court adopted the view that pursuant to 11 U.S.C. §362(c)(3)(A) the automatic stay terminated in its entirety on the 30th day after the petition date if the debtor had not asked the court to extend that date.[7]

**V. The Saunders Company Is Entitled To A Waiver of Rule 4001.**

For the reasons discussed above, The Saunders Company is entitled to a waiver of Federal Rules of Bankruptcy Procedure, Rule 4001.

**VI. Conclusion.**

---

[7]Moving party notes there are differing opinions on the scope of the termination of the stay, including conflicting opinions within the Central District of California (In re Rinard, 451 BR 12 - Bankr. Court, CD California (May 9, 2011) and In re Hernandez, 2012 Bankr. LEXIS 1914 (Bankr. C.D. Cal. Jan. 31, 2012)).

WHEREFORE, moving party respectfully requests that the court issue an order granting relief from stay by terminating, annulling, modifying, or conditioning the stay as to the Debtor, the Debtor's estate, and the Real Property nun pro tunc as of the petition date, confirming there is not stay with respect to the Debtor, the Debtor's estate, and the Real Property and the Unlawful Detainer actions, waiving the provisions of Federal Rules of Bankruptcy, Rule 4001 (a)(3), and ordering such other and further relief as is just.

Dated: August 28, 2012              CAMPEAU GOODSELL SMITH
                                    By: /s William J. Healy
                                        William J. Healy